```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SALAH H. TAWFIK,

                    Plaintiff,
                                              ORDER
          -against-                           20-CV-5832(JS)(AKT)

PETER GEORGATOS, ARCHIE GEORGATOS,
and PREMIER DINER,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Salah H. Tawfik, pro se
                    134 La Bonne Vie, Apartment C
                    East Patchogue, New York 11772

For Defendants:     No Appearances
```

SEYBERT, District Judge:

On or around November 30, 2020, plaintiff Salah H. Tawfik ("Plaintiff"), proceeding pro se, initiated this action against Peter Georgatos, Archie Georgatos, and Premier Diner pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17, accompanied by an application to proceed in forma pauperis ("IFP"). (Compl., D.E. 1; IFP Mot., D.E. 2.) For the reasons that follow, the application to proceed in forma pauperis is DENIED and Plaintiff is directed to remit the filing fee within fourteen (14) days after his receipt of this Order.

To qualify for in forma pauperis status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide

himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). "The purpose of the statute permitting litigants to proceed in forma pauperis is to insure that indigent persons have equal access to the judicial system." Davis v. NYC Dept. of Educ., No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing Gregory v. NYC Health & Hospitals Corp., No. 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). It is within the Court's discretion to determine whether an applicant qualifies for in forma pauperis status. DiGianni v. Pearson Educ., No. 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citations omitted). The Court "shall dismiss [a] case at any time if the court determines that the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff reports that he is employed and earns a net pay of $1,000.00 per month (calculated at $250 per week). (IFP Mot. ¶ 2.) Plaintiff also reports having $8,000.00 in cash or in a checking or savings account. (Id. ¶ 4.) Plaintiff's reported regular monthly expenses, including rent, transportation, and utilities, total $2,170.00 and Plaintiff reports only a single debt or financial obligation owed as "credit card $700." (Id. ¶¶ 6-7.) Based upon this information, the Court finds that Plaintiff has not demonstrated that he cannot afford the filing fee. Goodwin

2

v. Comm'r of Soc. Sec. Admin., No. 20-CV-2775, 2020 WL 4605220, at *2 (E.D.N.Y. Aug. 11, 2020) (denying IFP where "plaintiff's application establishes that she can pay the $400.00 filing fee and still provide herself with the necessities of life.") (collecting cases). Therefore, the IFP application is DENIED because Plaintiff can pay the filing fee and still enjoy the necessities of life.

Plaintiff is directed to remit the $400.00 filing fee within fourteen (14) days after his receipt of this Order. The Court warns Plaintiff that a failure to timely comply with this Order will lead to the dismissal of the Complaint without prejudice and judgment will enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this Order to the pro se Plaintiff at his address of record.

SO ORDERED.

    /s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated: December  8 , 2020  
       Central Islip, New York

3