```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
SALAH H. TAWFIK,

                    Plaintiff,
                                          ORDER
          -against-                       20-CV-5832(JS)(AKT)

PETER GEORGATOS, ARCHIE GEORGATOS,
and PREMIER DINER,

                    Defendants.
-----------------------------------X
APPEARANCES
For Plaintiff:      Salah H. Tawfik, pro se
                    134 La Bonne Vie, Apartment C
                    East Patchogue, New York  11772

For Defendants:     Saul D. Zabell, Esq.
                    Diana Marie McManus, Esq.
                    Zabell & Collotta, PC
                    One Corporate Drive, Suite 103
                    Bohemia, New York 11716
```

SEYBERT, District Judge:

Before the Court is a letter from pro se plaintiff Salah Tawfik ("Plaintiff"), received on March 11, 2021 (hereafter, the "Letter Motion", ECF No. 12), which the Court liberally construes as a motion for reconsideration of the February 17, 2021 Order dismissing the Complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute (see ECF No. 10). Defendants have not opposed the Letter Motion. For the reasons that follow, the Letter Motion is GRANTED in part to the extent that Plaintiff shall be afforded the opportunity to complete and return the enclosed In Forma Pauperis Long Form Application (AO 239) (the "Long Form Application") within thirty (30) days

from the date of this Order. The Court defers ruling on the Letter Motion to the extent Plaintiff seeks to have his case reopened until after the expiration of this 30-day period.

On December 8, 2020, the Court entered an Order denying Plaintiff's request to proceed in forma pauperis and directing Plaintiff to remit the $400.00 filing fee within fourteen (14) days. (Dec. 8, 2020 Order, ECF No. 5.) In the Order, the Court warned Plaintiff that "a failure to timely comply . . . will lead to the dismissal of the Complaint without prejudice and judgment will enter." (Id. at 3.) Plaintiff did not comply with the December 8, 2020 Order; therefore, on January 19, 2021, the Court entered an Electronic Order granting Plaintiff an additional fourteen (14) days to remit the filing fee. (See Jan. 19, 2021 Elec. Order.) In the January 19, 2021 Electronic Order, the Court again warned Plaintiff that a failure to pay the filing fee "will lead to the dismissal of the Complaint without prejudice and judgment will enter." (Id.) On January 20, 2021, Defendants mailed the Electronic Order to Plaintiff at his address of record. (Aff. Serv., ECF No. 8.) Plaintiff did not respond to the January 19, 2021 Order or otherwise communicate with the Court. As such, on February 17, 2021, the Court dismissed the Complaint without prejudice for failure to prosecute pursuant to Federal Rule of

2

Civil Procedure 41(b).  (Feb. 17, 2021 Order, ECF No. 10.)

On March 11, 2021, the Court received Plaintiff's Letter Motion wherein he reports that he "would like to go on with my case" but "couldn't come up with the $400 Court fee" and requests that the Court waive or reduce the filing fee.  (See Letter Motion.)  Given Plaintiff's representations, and in an abundance of caution in light of his pro se status, Plaintiff will have thirty (30) days from the date of this Order to complete and return the enclosed Long Form Application for the Court's consideration.

Accordingly, IT IS ORDERED that the Clerk of the Court MAIL A COPY OF THIS ORDER, together with the above-referenced Long Form Application, to the pro se Plaintiff at his address of record.

IT IS FURTHER ORDERED that Plaintiff shall have thirty (30) days from the date of this Order to complete and return the Long Form Application to the Court for consideration.  The Court will rule on the balance of the Letter Motion after the expiration of the 30-day period.  Plaintiff is warned that if he does not return the Long Form Application this matter will remain CLOSED.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

3

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

   /s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March  26 , 2021
       Central Islip, New York