FILED
CLERK

7/14/2021 5:44 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
SALAH H. TAWFIK,

                Plaintiff,
                                          MEMORANDUM & ORDER
        -against-                         20-CV-5832(JS)(AKT)

PETER GEORGATOS, ARCHIE GEORGATOS,
and PREMIER DINER,

                Defendants.
-----------------------------------X
APPEARANCES
For Plaintiff:      Salah H. Tawfik, pro se
                    134 La Bonne Vie, Apartment C
                    East Patchogue, New York 11772

For Defendants:     Saul D. Zabell, Esq.
                    Diana Marie McManus, Esq.
                    Zabell & Collotta, PC
                    One Corporate Drive, Suite 103
                    Bohemia, New York 11716
```

SEYBERT, District Judge:

On or around November 30, 2020, plaintiff Salah H. Tawfik ("Plaintiff"), proceeding pro se, initiated this action pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), by filing a Complaint and an application to proceed in forma pauperis ("IFP"). (Compl., D.E. 1; IFP Mot., D.E. 2.) Currently before the Court is Plaintiff's In Forma Pauperis Long Form Application (AO 239) (the "Long Form Application"). (Long Form Application, ECF No. 14.) Upon review of the Long Form Application, the Court finds that Plaintiff is qualified by his financial status to commence this action without prepayment of the filing fees. And, upon review of

the Complaint, the Court finds that it fails to state a claim and it is therefore is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT on or before August 23, 2021.

PROCEDURAL HISTORY

On December 8, 2020, the Court entered an Order denying Plaintiff's IFP request and directing him to remit the filing fee within fourteen (14) days. (Dec. 8, 2020 Order, ECF No. 5.) In that Order, the Court warned Plaintiff that "a failure to timely comply . . . will lead to the dismissal of the Complaint without prejudice and judgment will enter." (Id. at 3.) Plaintiff did not comply and on January 19, 2021, the Court entered an Electronic Order granting Plaintiff an additional fourteen (14) days to remit the filing fee. (See Jan. 19, 2021 Elec. Order.) In the January 19, 2021 Electronic Order, the Court again warned Plaintiff that a failure to pay the filing fee "will lead to the dismissal of the Complaint without prejudice and judgment will enter." (Id.) On January 20, 2021, Defendants mailed the Electronic Order to Plaintiff at his address of record. (Aff. Serv., ECF No. 8.) Plaintiff did not respond to the January 19, 2021 Order or otherwise communicate with the Court. As such, on February 17, 2021, the Court dismissed the Complaint without

prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Feb. 17, 2021 Order, ECF No. 10.)

On or around March 11, 2021, Plaintiff filed a letter that the Court liberally construed as a motion for reconsideration of the February 17, 2021 Order dismissing the Complaint. (See Letter Motion, ECF No. 12; Mar. 26, 2021 Order, ECF No. 13.) By Order dated March 26, 2021, the Court granted reconsideration in part and granted Plaintiff thirty days to complete and return the Long Form Application. (Mar. 26, 2021 Order.) The Court otherwise denied the motion and deferred ruling on whether it would direct the Clerk of the Court to re-open this this case. (Id.) On April 22, 2021, Plaintiff timely filed the Long Form Application.

BACKGROUND[1]

Plaintiff, using the Court's form complaint for employment discrimination, asserts claims against Peter Georgatos ("Peter"), Archie Georgatos ("Archie"), and the Premier Diner (the "Diner" and collectively, "Defendants") pursuant to Title VII. (See Compl.; see id. § II.) Specifically, Plaintiff alleges that Defendants discriminated against him by terminating him on account of his race, religion, and disability or perceived disability.

---

[1] Excerpts from the Complaint are reproduced here exactly as they appear in the original. Unless noted, errors in spelling, punctuation, or grammar have not been corrected or noted.

(Id. §§ III.A & D.)  In its entirety, Plaintiff alleges:

> I was hired by Mr. Georgatos on March 2018. Someone to work only weekend I agreed to do so I needed my job so bad specially I had no income for 5 weeks.  Mr. Georgatos refused to let me work he fired me telling me to go look for another job despite he was going to hire someone else he discriminated against me because my disability and that's what his lawyer said I will not be able to do my job I also had a note from my doctor allowing me to go back to work Mr. Georgatos couldn't keep his promise neither his kids by allowing me not to handle liquors I was asked too many times by his son to help him making drinks going against my religious believes also too many people were absent due to medical reasons were able to return to work I couldn't find a job over 3 month caused a financial stress to me I will ask the court to reward me $4800 due to Mr. Georgatos firing me not giving me ahead of time notice go looking for a job he adviced me when I was out to call him back when ready to return to work he lied to me.

(Id. § III.E.)  Plaintiff also attached a Notice of Right to Sue letter, dated September 16, 2020.  (Id. § IV.B; id. at ECF p. 11.)

## DISCUSSION

### I. Plaintiff's *In Forma Pauperis* Application is Granted

Upon review of the Long Form Application, the Court finds that Plaintiff is qualified by his financial status to commence this action without prepayment of the filing fees.  See 28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Consideration of the Complaint Under 28 U.S.C. § 1915

   A. Standard of Review

   28 U.S.C. § 1915 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is frivolous as a matter of law when, inter alia, it is based on an "indisputably meritless legal theory" or when it "lacks an arguable basis in law . . ., or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

   Courts are obliged to construe the pleadings of a pro se plaintiff liberally and to interpret them to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). "But the 'special solicitude' in pro se cases, has its limits -- to state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief." Wynn

v. Regus Mgmt. Grp. LLC, No. 21-CV-3503, 2021 WL 2018967, at *1 (S.D.N.Y. May 17, 2021) (quoting Triestman, 470 F.3d at 475).

Under Rule 8, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 557).

The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Powell v. Marine Midland Bank, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (internal quotation marks, alterations, and citation omitted). A pleading that only tenders naked assertions

devoid of further factual enhancement" will not suffice. Iqbal, 556 U.S. at 678 (internal quotation marks and citation omitted). And a court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

B. Title VII and the Americans with Disabilities Act

In light of Plaintiff's pro se status, and the Court's responsibility to construe pro se pleadings liberally, the Court considers whether Plaintiff plausibly alleges claims under both Title VII and the Americans with Disabilities Act ("ADA").

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). "This antidiscrimination provision prohibits employers from mistreating an individual because of the individual's protected characteristics." Williams v. New York City Dep't of Educ., No. 21-CV-0520, 2021 WL 2338979, at *2 (S.D.N.Y. June 7, 2021) (citing Patane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007)). "Mistreatment

7

at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes." Id.

"At the pleading stage in an employment discrimination action, 'a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision.'" Id. (quoting Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 86 (2d Cir. 2015)). "Examples of materially adverse changes include termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation." Vega, 801 F.3d at 85 (internal quotation marks omitted) (quoting Terry v. Ashcroft, 336 F.3d 128, 138 (2d Cir. 2003)).

Under the ADA, employers are prohibited from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A prima facie case of

discrimination under the ADA requires that the plaintiff establish that: "(1) the employer is subject to the ADA; (2) the plaintiff is disabled within the meaning of the ADA or perceived to be so by her employer; (3) she was otherwise qualified to perform the essential functions of the job with or without a reasonable accommodation; (4) she suffered an adverse employment action; and (5) the adverse action was imposed because of her disability." Zelasko v. NYC Dep't of Educ., No. 20-CV-5316, 2021 WL 2635121, at *2 (E.D.N.Y. June 25, 2021) (quoting Davis v. N.Y.C. Dep't of Educ., 804 F.3d 231, 235 (2d Cir. 2015) (citation omitted)). "[W]hile a discrimination complaint need not allege facts establishing each element of a prima facie case of discrimination" to state a claim, "it must at a minimum assert nonconclusory factual matter sufficient to 'nudge [ ] [its] claims' . . . 'across the line from conceivable to plausible' to proceed." Id. (alteration in original) (quoting Vega, 801 F.3d at 84) (further citation omitted).

Under both Title VII and the ADA, "individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII." Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995) abrogated on other grounds by Burlington Indus. v. Ellerth, 524 U.S. 742 (1998); Postell v.

9

Wells, No. 20-CV-3991, 2020 WL 5774912, at *2 (S.D.N.Y. Sept. 26, 2020) ("Individuals are not subject to liability under Title VII, . . . or the ADA.") (citation omitted)).

    C. <u>Analysis of Plaintiff's Claims</u>

Here, the Complaint fails to sufficiently allege discrimination under Title VII and the ADA. Indeed, the allegations in support of Plaintiff's employment discrimination claims are conclusory and fail to meet Rule 8's requirements. (<u>See generally</u> Compl.) Plaintiff has not alleged any facts suggesting that his employer discharged him based on any protected characteristic. <u>See, e.g.</u>, <u>Calvo v. Amalgamated Hous. Corp.</u>, No. 20-CV-10859, 2021 WL 516843, at *3 (S.D.N.Y. Feb. 11, 2021) ("Plaintiff does not allege facts suggesting that his employer took any adverse action against him based on any protected characteristic."). Moreover, although Plaintiff checked the boxes in the form Complaint that he was terminated due to his race, religion, and/or disability, he has not alleged his race, religion, or the nature of his disability. (Compl. § III.D.) Further, although Plaintiff alleges that he was asked to make drinks, which "goes against [his] religious belie[fs]," there are no allegations that Defendants terminated Plaintiff's employment for those religious beliefs. In the absence of any facts suggesting that

10

Plaintiff's termination was based on his race, religion, or disability, he has not alleged a plausible claim under Title VII or the ADA. See Lucas v. Apple Food Serv. of N.Y., LLC, No. 15-CV-4007, 2015 WL 6507495, at *3 (E.D.N.Y. Oct. 27, 2015) (liberally construing pro se pleadings and finding the "complaint fails to plead any facts linking defendant's conduct, i.e., the suspension of plaintiff without pay for two (2) weeks and termination of her employment, to plaintiff's race, color, gender, religion or pregnancy, or supporting a reasonable inference that defendant discriminated against plaintiff because of those protected characteristics.") (collecting cases); Littlejohn v. City of N.Y., 795 F.3d 297, 311 (2d Cir. 2015) (holding that to state a Title VII claim, the plaintiff need only satisfy the "minimal burden of showing facts suggesting an inference of discriminatory motivation").

Moreover, because neither Title VII nor the ADA provides for liability against individual defendants, Plaintiff's claims against Peter and Archie for employment discrimination under Title VII or the ADA are DISMISSED.[2] Taylor v. Children's Vill., No.

---

[2] In certain circumstances, individuals may be subject to liability as employers under the New York State Human Rights Law, N.Y. Exec. Law § 296 ("NYSHRL"). See Matusick v. Erie County Water Auth., 757 F.3d 31, 53 (2d Cir. 2014). However, claims under the NYSHRL are analyzed under same standard as Title VII and ADA claims.

11

20-CV-10997, 2021 WL 467128, at *5 (S.D.N.Y. Feb. 8, 2021) ("[U]nder the federal employment anti-discrimination statutes, individuals may not be held liable.") (citations omitted).

For these reasons, Plaintiff's Complaint fails to state a plausible claim for relief and is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Taylor, 2021 WL 1581568, at *3 (sua sponte dismissing Title VII and ADA claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) where plaintiff did not allege any facts suggesting that her religion or disability were in any way related to her termination). As discussed below, Plaintiff is granted leave to file an amended complaint. If Plaintiff chooses to amend his complaint, "he must allege facts showing or suggesting that Defendant[s] took adverse employment action against him because of an impermissible factor." Calvo, 2021 WL 516843, at *3 (emphasis in original).

---

Therefore, the Court's determination that Plaintiff's claims are implausible under the federal statutes means that they also fail under state law. See, e.g., Tolbert v. Smith, 790 F.3d 427, 439 (2d Cir. 2012) (using the same standard to analyze racial discrimination claims under Title VII and NYSHRL); Cornetta v. Town of Highlands, 434 F. Supp. 3d 171, 186 (S.D.N.Y. 2020) (applying the same standard to evaluate discrimination claims whether under ADA or NYSHRL).

III. Plaintiff is Granted Leave to File an Amended Complaint

A pro se plaintiff should ordinarily be given "an opportunity to amend a complaint to cure its defects, unless amendment would be futile." Kellier v. Billups, No. 21-CV-3921, 2021 WL 2435556, at *6 (S.D.N.Y. June 14, 2021) (citing Hill v. Curcione, 657 F.3d 116, 123-24 (2d Cir. 2011)). **In an abundance of caution, Plaintiff is GRANTED leave to file an Amended Complaint. Plaintiff shall file an Amended Complaint, detailing his employment discrimination claims, on or before August 23, 2021**.

Any Amended Complaint must be captioned "Amended Complaint" and bear the same docket number as this Order: 20-CV-5832(JS)(AKT). Plaintiff is advised that an Amended Complaint COMPLETELY replaces the original complaint in its entirety. Therefore, all claims and allegations that Plaintiff wishes to pursue MUST be included in the Amended Complaint. Should Plaintiff prepare an Amended Complaint, he should carefully consider this Order and amend his claims accordingly because it will be reviewed for compliance with this Order and for sufficiency under Rule 8 and 28 U.S.C. § 1915. **Plaintiff is WARNED that if he does not file an Amended Complaint on or before August 23, 2021, judgment shall enter and this case will be marked CLOSED**.

Finally, while Plaintiff may pursue his litigation in any way that he chooses, the Court wishes to advise Plaintiff of the Hofstra Pro Se Legal Clinic to obtain legal assistance in amending his complaint. Although the Clinic is located at the Central Islip Courthouse, it is not affiliated with the Court. The Clinic may be reached at (631) 297-2575 or PSLAP@Hofstra.edu.

CONCLUSION

For the forgoing reasons, IT IS HEREBY ORDERED that:

(1) Plaintiff's application to proceed in forma pauperis (ECF No. 14) is GRANTED;

(2) The Clerk of the Court is respectfully directed to re-open and restore this case to the Court's docket;

(3) Upon review of the pleadings, the Complaint is sua sponte DISMISSED without prejudice for failure to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Rule 8;

(4) **Plaintiff is GRANTED leave to file an Amended Complaint consistent with this Order on or before August 23, 2021. Plaintiff is WARNED that if he fails to file an Amended Complaint on or before August 23, 2021, judgment will enter and this case will be dismissed.**

(5) Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

   /s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: July __14__, 2021
       Central Islip, New York